1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROB MCDERMOTT,

               Plaintiff,

     v.

AVAYA INC,

               Defendant.

CASE NO. C13-6050 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION

This matter comes before the Court on Defendant Avaya, Inc.'s ("Avaya") motion for reconsideration (Dkt. 56).

On February 25, 2015, Plaintiff Rob McDermott ("McDermott") filed a motion for partial summary judgment on certain contract issues (Dkt. 19) and Avaya filed a motion for summary judgment on McDermott's claims (Dkt. 25).  On April 14, 2015, the Court denied McDermott's motion and granted in part and denied in part Avaya's motion.  Dkt. 54.  On April 28, 2015, Avaya filed a motion for reconsideration.  Dkt. 56.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

In this case, Avaya moves for reconsideration on two issues that the Court "may have overlooked . . . ."  Dkt. 56 at 1.  Although the Court may deny the motion on the basis that "overlooking" an issue is not necessarily a manifest error of law, the Court will briefly address Avaya's two arguments.  First, Avaya argues that the Court improperly relied on the "Condition Sheet Authorization & Documentation Requirements" form to find that questions of fact exist on the issue of whether Avaya breached the parties' contract.  Specifically, Avaya asserts that "the Court may have overlooked the following reasons why this provision did not provide authority for any of the statements by sales management on which McDermott relies."  Dkt. 56 at 3.  The Court did not overlook any reason because none were provided.  *See* Dkt. 54 at 11 n.4 ("Avaya failed to respond to this specific argument. While Avaya did address the previous pages of the document, Avaya did not address McDermott's argument based on the "'Condition Sheet Authorization and Documentation Requirements.'").  Moreover, even if the Court does address the merits of Avaya's current argument, it appears that Avaya requests that the Court adopt Avaya's understanding of the relevant provisions as a matter of law whereas McDermott argued that there was a failure as to "the mutual understanding of the parties . . . ."  Dkt. 34 at 22.  As such, the issue is more complicated than simply accepting

1    Avaya's interpretation and understanding of the contract that it most likely drafted.

2    Therefore, the Court denies Avaya's motion for reconsideration on this issue.

3         Second, Avaya argues that the Court relied on the wrong portion of the "right to

4    amend" clause in concluding that questions of fact exist on McDermott's claim for

5    breach of the covenant of good faith and fair dealing.  Dkt. 56 at 4–5.  Avaya argues that

6    the Court should have relied on the portion of the provision that provides that Avaya may

7    "reduce, modify, or withhold compensation based on individual/team performance or

8    Avaya determination of special circumstances, with or without prior notice, and either

9    retroactively or prospectively . . . ."  Dkt. 56 at 5.  One reason the Court may have

10   overlooked this phrase was that Avaya argued that "this limitation is too indefinite for

11   McDermott to contractually enforce."  Dkt. 41 at 8 (citing *Sandeman v. Sayres*, 50 Wn.2d

12   539, 314 P.2d 428 (1957)).  In other words, Avaya requests on reconsideration that the

13   Court enforce a provision that it originally argued was unenforceable.  Regardless of the

14   contradictory positions, the Court's conclusion that the "right to amend" clause includes

15   some use of discretion that may not be abused is not a manifest error of law.  Therefore,

16   the Court **DENIES** Avaya's motion for reconsideration.

17        **IT IS SO ORDERED**.

18        Dated this 29th day of April, 2015.

19

20                                                              _____
                                                               BENJAMIN H. SETTLE
21                                                             United States District Judge

22

ORDER - 3